FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

APR 17 2003

GUILLERMO CORNEJO MOTA,

    Petitioner,

v.	No. CIV-02-1497 MCA/WDS

GARLAND JEFFERS,

    Respondent.

### MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

This matter is before the Court *sua sponte* to review Plaintiff's civil rights complaint under 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint, which was submitted on a form application for writ of habeas corpus, alleges that Plaintiff was assaulted by other inmates. He received medical treatment and was placed in protective segregation to avoid further incidents. Plaintiff claims that the matter was not properly

investigated and, as a result, he was denied a transfer to another facility. No specific relief is requested.

No relief is available on Plaintiff's apparent Eighth Amendment claims. He does not allege that officials were aware of threats to his well-being or that he was denied necessary medical treatment, and thus no Eighth Amendment claim arose from the assault by other inmates. *Harris v. Maynard*, 843 F.2d 414, 416 (10th Cir. 1988); *Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001). This claim will be dismissed.

Likewise, no claim is stated for an allegedly inadequate investigation. Liability under 42 U.S.C. § 1983 does not attach unless a defendant "personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance." *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996) (citations omitted). After the assault, Plaintiff was given medical treatment and placed in protective custody, and the only alleged harm resulting from the investigation is that Plaintiff was denied transfer to another facility. "[S]tate and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992); *see Rael v. Williams*, 223 F.3d 1153, 1154 (10th Cir. 2000). Absent a prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer or denial thereof cannot be challenged. *Prows*, 981 F.2d at 468 n.3; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990). The allegations of inadequate investigation do not state a claim, and Plaintiff's complaint will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and this action is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE